# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IMTEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-181-JHP |
| | ) | |
| TODD E. SHATKIN and SAMUEL | ) | |
| SHATKIN, individually, and doing | ) | |
| business as SAMUEL SHATKIN | ) | |
| FIRST, LLC, and ANDREW JAKSON, | ) | |
| doing business as DENTAL TECH | ) | |
| LABORATORIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Plaintiff IMTEC Corporation sued the Defendants Todd E. Shatkin and Samuel Shatkin for declaratory relief and damages in connection with a dispute over the termination of a contract to which IMTEC and Todd Shatkin were parties. The Shatkins responded, *inter alia*, by seeking to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(7) because IMTEC failed to join an indispensable party, namely the Defendant Andrew Jakson, who was also a party to the contract. IMTEC argued that Jakson was not indispensable but filed an amended complaint naming him as a defendant and moved to strike the Shatkins' motion to dismiss as moot. The Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8], the Plaintiff's Motion to Strike; Brief in Support [Docket No. 21] and the amended Plaintiff's Motion to Strike; Brief in Support [Docket No. 22] were referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Also referred was the

Plaintiff's Emergency Motion for Preliminary Injunction; Brief in Support [Docket No. 32], which IMTEC filed well after the other motions were fully briefed. For the reasons set forth below, the undersigned Magistrate Judge recommends dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(7).

## A. Factual Background

At issue in this case is an agreement for the licensing and marketing of patented dental technology developed by Todd Shatkin. IMTEC, Jakson and Todd Shatkin are equal parties to the agreement, which provided for the creation of a business entity named F.I.R.S.T. Laboratories, LLC ("First Labs"). Shatkin became dissatisfied and gave notice to terminate the agreement, contending, *inter alia*, that IMTEC and Jakson wrongfully diverted to themselves business that should have gone to First Labs and thus for the benefit of them all. Todd Shatkin filed a state court action against IMTEC and Jakson for breach of contract in New York, and his father Samuel Shatkin (who was not a party to the agreement but was to be employed by Jakson in the performance of its consulting duties thereunder) filed a federal court action against Jakson for breach of contract in the Western District of New York. The parties paused briefly for settlement discussions, but raced each other back to the courthouse when negotiations broke down. Todd Shatkin joined his father as a plaintiff in the federal action in New York, and together they added as defendants IMTEC and First Labs. A few hours later, IMTEC (an Oklahoma corporation and the only party *not* from New York) sued the Shatkins in this Court, alleging claims arising under Oklahoma law but asserting as the basis of federal jurisdiction diversity of citizenship between the parties. Jakson was not

initially involved in this action but became a party defendant when IMTEC amended its complaint in response to the Shatkins' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7).

**B. Analysis**

The Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] raises both jurisdiction and venue. The Shatkins contend that subject matter jurisdiction is lacking and that the case must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) because Jakson is an indispensable party whose joinder would destroy diversity. The Shatkins also contend that venue is lacking and that the case must be dismissed or transferred to the Western District of New York because substantially all of the events at issue herein occurred in New York. Finally, Samuel Shatkin contends that the case against him should be dismissed pursuant Fed. R. Civ. P. 12(b)(3) for lack of *in personam* jurisdiction. Because Jakson *is* an indispensable party pursuant to Fed. R. Civ. P. 19, the case should be dismissed for lack of subject matter jurisdiction, and the undersigned Magistrate Judge therefore recommends that the Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] be granted to that extent. This renders moot any issue as to venue or *in personam* jurisdiction. Further, the undersigned Magistrate Judge recommends that the Plaintiff's Motion to Strike; Brief in Support [Docket No. 21], the amended Plaintiff's Motion to Strike; Brief in Support [Docket No. 22], and the Plaintiff's Emergency Motion for Preliminary Injunction; Brief in Support [Docket No. 32] be denied.

Regarding indispensability under Fed. R. Civ. P. 19, "[t]he court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if

joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed." *Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1411 (10th Cir. 1996), *cert. denied*, 520 U.S. 1166 (1997). A party is necessary and must be joined if: "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). "There need only be substantial risk and not certainty that the considered events of Rule 19(a) come to pass." *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981), *citing Window Glass Cutters League of America, AFL/CIO v. American St. Gobain Corp.*, 428 F.2d 353 (3rd Cir. 1970).

IMTEC advances two rather unenthusiastic arguments that Jakson is not a necessary party to this action under Fed. R. Civ. P. 19(a). First, IMTEC contends that because Todd Shatkin's justification for terminating the agreement is his allegation that IMTEC failed to properly promote the dental technology on First Labs' behalf, complete relief *can* be afforded on such a claim in Jakson's absence. *See* Fed. R. Civ. P. 19(a)(1). Second, IMTEC contends that because its interests and Jakson's are "similarly aligned," the Shatkins are at no "risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed

interest." Fed. R. Civ. P. 19(a)(2)(ii). The undersigned Magistrate Judge finds these arguments unpersuasive.

First, there is clearly much more to this case than Todd Shatkin's dissatisfaction with IMTEC's marketing. Indeed, it would appear that Todd Shatkin's primary reason for giving notice of termination of the agreement is his claim that IMTEC and Jakson were improperly diverting First Labs' business directly to Jakson. This is not, as IMTEC would characterize it, a simple dispute between Todd Shatkin and IMTEC; Jakson clearly has "a dog in this fight," just as he does in the New York litigation. Second, it is clear that proceeding without Jakson in this case *would* subject the Shatkins to the risk of incurring potentially inconsistent obligations. Given the complexity of these disputes, it is conceivable that different courts might reach inconsistent results. *Cf. United States Fire Insurance Co. v. HC-Rockrimmon, LLC,* 190 F. R. D. 575, 577 (D. Colo. 1999) ("With the difficult issues of negligence and causation in the structural infirmity of a building, it is easy to imagine two courts coming to different conclusions."). For example, IMTEC might prevail here on its claim that Todd Shatkin wrongfully terminated the agreement, and Shatkin might prevail in the New York litigation against Jakson. *See, e. g., Ramsey v. Bomin Testing, Inc.*, 68 F.R.D. 335, 337 (W.D. Okla. 1975) ("[M]ultiplicity of actions is a factor to be considered in determining whether a party is a person to be joined, if feasible."), *citing Evergreen Park N. & C. Home, Inc. v. American Equity Assurance Co.*, 417 F.2d 1113 (7th Cir. 1969). Third, notwithstanding its arguments to the contrary, IMTEC essentially concedes that Jakson is a necessary party to this action, *i. e.*, IMTEC responded to the Shatkins' motion to dismiss by

amending its complaint to add Jakson to the litigation, *see* Docket No. 14, ¶¶ 5, 51-52, and asserting that such joinder moots the motion. *See* Docket No. 21, ¶ 15 & Docket No. 22, ¶ 15. The undersigned Magistrate Judge therefore concludes that Jakson *is* a necessary party to this action under Fed. R. Civ. P. 19(a).

As a necessary party to this action, Jakson must be joined pursuant to Fed. R. Civ. P. 19(a) if his joinder is feasible. *See Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999), *cert. denied*, 542 U.S. 937 (2004). IMTEC contends that joinder of Jakson obviously *is* feasible because Jakson has been joined as a party defendant in IMTEC's amended complaint. But if, as the Shatkins contend, Jakson's proper alignment is as a party plaintiff, joinder *is not* feasible because it destroys diversity and thereby deprives the Court of jurisdiction, *i. e.*, Jakson, Todd Shatkin and Samuel Shatkin are all from New York and are therefore not diverse. *See, e. g., City of Indianapolis v. Chase National Bank of City of New York*, 314 U.S. 63, 69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute.") [quotation omitted]. *See also Universal Underwriters Insurance Co. v. Wagner*, 367 F.2d 866 (10th Cir. 1966). The feasibility of joinder under Fed. R. Civ. P. 19(a) thus turns on the proper alignment of Jakson in this case. *See, e. g., United States Fire Insurance,* 190 F.R.D. at 576 n.1 (considering proper alignment of a necessary party in determining the feasibility of joinder), *quoting Farmers Alliance Mutual Insurance Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir.), *cert. denied*, 439 U.S. 826

(1978) ("In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests. When appropriate, parties will be realigned[.]").

The undersigned Magistrate Judge is persuaded that Jakson's proper alignment *is* as party plaintiff for two reasons. First, as IMTEC itself contends, and the pleadings in this case and in New York confirm, IMTEC's interests and Jakson's are "similarly aligned." Both IMTEC and Jakson deny Todd Shatkin's allegations of wrongdoing, and both contend that he wrongfully terminated the agreement. Further, although IMTEC has asserted a claim for an accounting against Jakson in the amended complaint, this does not suggest any *actual* adverse relationship, because IMTEC alleges no wrongdoing by Jakson that would entitle it to relief. IMTEC simply recites that Todd Shatkin alleges wrongdoing by Jakson and asserts mysteriously that it has no adequate remedy at law. These allegations suggest not an actual adverse interest as much as a collusive attempt to preserve diversity jurisdiction. Second, *nobody* contends that the Shatkins' interests and Jakson's are "similarly aligned" or anything other than clearly adverse; on the contrary, it is clear from reviewing the pleadings here and in New York that the Shatkins' interests and Jakson's *are* adverse. The undersigned Magistrate Judge therefore concludes that Jakson's proper alignment *is* as party plaintiff.

Because Jakson is a necessary party whose proper alignment is not diverse from the Shatkins, his joinder is not feasible under Fed. R. Civ. P. 19(a) because it would destroy diversity jurisdiction. *See, e. g., City of Indianapolis,* 314 U.S. at 74-75 ("[R]ealignment places Indiana 'citizens' on both sides of the litigation and precludes assumption of

jurisdiction based upon diversity of citizenship. We are thus compelled to the conclusion that the District Court was without jurisdiction."). Although Jakson is already in the case, the Court could dismiss him in order to preserve its jurisdiction, *see* Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."), provided he is not indispensable under Fed. R. Civ. P. 19(b). *See Jett v. Phillips and Associates*, 439 F.2d 987, 989-90 (10th Cir. 1971) ("This court has interpreted Rule 21 to mean, 'Parties of course may be dropped in order to achieve the requisite diversity of citizenship if their presence is not essential to a just and meaningful adjudication.'"), *quoting Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966), *cert. denied*, 386 U.S. 1011 (1967). The undersigned Magistrate Judge concludes, however, that Jakson *is* an indispensable party and that this action should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).[1]

In determining whether a party is indispensable, "[t]he factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective

---

[1] IMTEC asserts that the Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] should be stricken as moot in light of Jakson's addition to the case. Two observations are in order regarding this assertion. First, adding Jakson as a party clearly does not moot the venue and *in personam* jurisdiction issues raised in the motion to dismiss. Second, adding Jakson to the case would moot the motion to dismiss to the extent it is made pursuant to Fed. R. Civ. P. 12(b)(7) *only if* the inquiry ended with whether Jakson is a necessary party under Fed. R. Civ. P. 19(a). Because the Court must also determine whether Jakson is an indispensable party under Fed. R. Civ. P. 19(b), the Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] is not moot, and the Plaintiff's Motion to Strike; Brief in Support [Docket No. 21] and the amended Plaintiff's Motion to Strike; Brief in Support [Docket No. 22] should therefore be denied.

provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b). These factors are not exclusive. *See Ramsey*, 68 F.R.D. at 338 ("The four factors listed in Rule 19(b) . . . are not exclusive, it simply identifies those factors which will be most significant in most cases."), *citing* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1608. *See also Niles-Bement-Pond Company v. Iron Moulders Union Local No. 68*, 254 U.S. 77, 80 (1920) ("There is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not[.]"). An additional factor to consider is the public's interest in the economy of litigation. *See Ramsey*, 68 F.R.D. at 337 ("The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.") [quotation omitted].

  IMTEC contends "it is not necessary to even conduct the analysis required by Rule 19(b). Jakson is not a necessary party as defined by Rule 19(a)." This contention would seem to be undercut by IMTEC's subsequent amendment to add Jakson as a party, but IMTEC nevertheless advances no argument that Jakson *is not* indispensable under Fed. R. Civ. P. 19(b). *But see Rishell*, 94 F.3d at 1411 ("'The moving party has the burden of persuasion in arguing for dismissal.'"), *quoting Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). In any event, applying the factors mentioned above to the circumstances of this case clearly demonstrates that Jakson *is* indispensable.

First, it seems obvious that a judgment rendered in Jakson's absence could be prejudicial not only to the Shatkins but also to Jakson himself, as the dispute involved here is between equal parties to an agreement. *See, e. g., National Union Fire Insurance Co. v. Rite Aid*, 210 F.3d 246, 252 (4th Cir. 2000) (noting "that a contracting party is the paradigm of an indispensable party.") [quotation omitted]. At a minimum, the Shatkins could be subjected to an outcome in this case that is inconsistent with the outcome in a subsequent case between the Shatkins and Jakson, as has been discussed above. Second, there does not appear to be any way to fashion relief that would protect the Shatkins from such prejudice, short of keeping Jakson in the case, which cannot be accomplished in this Court. Third, although a judgment rendered in Jakson's absence might be adequate for IMTEC's purposes, *e. g.*, if IMTEC prevails and is able to collect its own damages, the same cannot be said for the Shatkins, *e. g.*, if they prevail here against IMTEC but nevertheless have to retry essentially the same case elsewhere against Jakson. *See, e. g., Glenny v. American Metal Climax, Inc.*, 494 F.2d 651, 654 (10th Cir. 1974) ("This test does not allow for mere theoretical possibilities but rather looks to the practical likelihood of prejudice and subsequent litigation."), *citing Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. 1970). Fourth, IMTEC clearly will have an adequate remedy if this action is dismissed, and in federal court at that; all of the parties to this action are likewise parties to the federal question suit in the Western District of New York. Finally, the public interest in judicial economy would be served by dismissing this action in favor of the proceedings in New York, where all can be parties to the same case and serial litigation can thereby be avoided. *See, e. g.,*

*Ramsey*, 68 F. R. D. at 337 ("The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.") [quotation omitted]. *See also Rishell*, 94 F.3d at 1413 ("'[T]he potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice. Some additional interest of either the absent party, the other properly joined parties or entities, *or the judicial system* must also be present.'") [emphasis added], *quoting Local 670, United Rubber Workers v. International Union, United Rubber Workers*, 822 F.2d 613, 622 (6th Cir. 1987), *cert. denied*, 484 U.S. 1019 (1988).

In summary, the undersigned Magistrate Judge finds pursuant to Fed. R. Civ. P. 19(a) that Jakson is a necessary party whose joinder is not feasible because it will destroy diversity and thereby deprive the Court of jurisdiction. IMTEC's addition of Jakson to the case as a party defendant does not alter this finding; Jakson's proper alignment is as a party plaintiff because his interests are similarly aligned with those of IMTEC and clearly adverse to those of the Shatkins. The undersigned Magistrate Judge further finds pursuant to Fed. R. Civ. P. 19(b) that Jakson is an indispensable party, and that this action should therefore be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(7). *See Rishell*, 94 F.3d at 1411 ("If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed."). *See also General Refractories Co. v. First State Insurance Co.*, 500 F.3d 306,

319 (3rd Cir. 2007) ("[A] finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction.").[2]

Accordingly, the Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] should be granted insofar as it is made pursuant to Fed. R. Civ. P. 12(b)(7). The Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] should be denied as moot insofar as it seeks other relief, *e. g.*, dismissal or transfer for improper or inconvenient venue and dismissal for lack of *in personam* jurisdiction. The Plaintiff's Motion to Strike; Brief in Support [Docket No. 21] and the amended Plaintiff's Motion to Strike; Brief in Support [Docket No. 22] should be denied. Because the action should be dismissed for lack of subject matter jurisdiction, the Plaintiff's Emergency Motion for Preliminary Injunction; Brief in Support [Docket No. 32] should likewise be denied.

### C. Conclusion

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS: (i) that the Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] be GRANTED insofar as it is made pursuant to Fed. R. Civ. P. 12(b)(7), but otherwise DENIED as moot; (ii) that the Plaintiff's Motion to Strike; Brief in Support [Docket No. 21] and the amended Plaintiff's

---

[2] Because the undersigned Magistrate Judge concludes that the Defendants' Motion to Dismiss or Transfer and Brief in Support [Docket No. 8] should be granted insofar as it is made pursuant to Fed. R. Civ. P. 12(b)(7), there is no need to address the remaining relief sought in that motion and it should be denied as moot. Further, because the undersigned Magistrate Judge concludes that the action should be dismissed for lack of subject matter jurisdiction, the Plaintiff's Emergency Motion for Preliminary Injunction; Brief in Support [Docket No. 32] should be denied because the Court is without power to entertain it.

Motion to Strike; Brief in Support [Docket No. 22] be DENIED; (iii) that the Plaintiff's Emergency Motion for Preliminary Injunction; Brief in Support [Docket No. 32] be DENIED; and, (iv) that this action should be dismissed for lack of subject matter jurisdiction. If there are any objections to this Report and Recommendation, they must be filed within ten days of service hereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**DATED** this 21st day of November, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**